IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **KATHY STONER,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-23-02529 |
| **MACROGENICS, INC.,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Kathy Stoner ("Plaintiff") filed this case against her former employer, MacroGenics, Inc. ("Defendant"), alleging religious discrimination claims. ECF 1. Defendant has filed a Motion to Compel Arbitration and Dismiss or Stay Proceedings, ECF 6, along with a Memorandum of Law, ECF 6-1 (collectively, the "Motion"). Plaintiff opposed the Motion, ECF 7, and Defendant replied, ECF 8. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, this Court will grant the Motion, compel arbitration, and dismiss the case in this Court.

I.  **FACTUAL BACKGROUND**

According to Plaintiff's Complaint, she worked for Defendant from October, 2008 until Defendant terminated her employment in December, 2021. ECF 1 ¶¶ 8, 23. Defendant notified its employees on October 15, 2021, that it would require each employee to receive a COVID-19 vaccine by December 8, 2021. *Id.* ¶ 16. Defendant declined to grant Plaintiff's request for a religious accommodation exempting her from any vaccine, face covering, or invasive testing requirements, and eventually terminated her employment for non-compliance with its policy. *Id.* ¶¶ 18, 23.

The parties agree that Plaintiff signed an Employment Agreement at the beginning of her tenure on October 7, 2008. ECF 7-1. The Employment Agreement contains the following provision (the "Arbitration Provision"):

> **14.** **Arbitration.** The Employee understands and agrees to have resolved by arbitration any and all disputes arising from or relating to his/her employment with the Company, his/her application for such employment, his/her termination of such employment or post-employment issues with the Company. Examples include, but are not limited to, the following:
>
> (a)   claims relating to any discrimination on the basis of age, race, color, sex, religion, national origin, disability, retaliation, marital status, veteran status, sexual orientation or any other claim of employment discrimination . . .
>
> (d)   potential claims for unfair competition, trade secret violations, or unauthorized disclosures of confidential information; . . .
>
> The provisions of this Paragraph 14 will not apply to suits by the Company for injunctive relief or to any claim, dispute or controversy relating to the ownership of Company Property.

*Id.* at ¶ 14. Relevant to this Motion, another section of the Employment Agreement (the "Waiver Provision") provides:

> **8.** **Waiver.** Any waiver by the Company of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach hereof. In addition, any amendment to or modification of this Agreement or any waiver of any provision thereof must be in writing and signed by an authorized officer of the Company.

*Id.* at ¶ 8.

## II. LEGAL STANDARD

The parties agree that Maryland law regarding contract formation applies to the question of whether the parties contracted to arbitrate this dispute. ECF 6-1 at 5; ECF 7 at 2. In addition to the standard requirements of a contract, Maryland law requires independent consideration to support an arbitration provision. *Noohi v. Toll Bros., Inc.*, 708 F.3d 599, 613–14 (4th Cir. 2013).

Where a court finds a valid written arbitration agreement and a dispute within the scope of the agreement, it must compel arbitration and stay the litigation. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649–50 (1986); *Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 453 (4th Cir. 1997).

The Federal Arbitration Act requires courts to stay their proceedings until any issue referable to arbitration has been adjudicated. *See* 9 U.S.C. § 3; *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). As the Fourth Circuit has explained, "Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001).

### III.  ANALYSIS

Plaintiff makes three arguments why, in her view, the Arbitration Provision in the Employment Agreement is unenforceable. First, she argues that Defendant's promise to arbitrate is illusory because the Employment Agreement allows Defendant to unilaterally amend its terms. Second, she argues that Defendant's promise to arbitrate is illusory also because Defendant retains its right to sue in court for all the claims it is "most likely to and/or would ever realistically bring." ECF 7 at 6. Third, she argues that the Employment Agreement is unconscionable. This Court finds all three arguments unpersuasive.

First, this Court finds no merit to the argument that consideration is lacking because the Waiver Provision of the Employment Agreement allegedly permits Defendant to unilaterally modify its terms. *See id.* at 4–5. "Under Maryland law, to modify a contract, 'there must be mutual assent.'" *Expo Props., LLC v. Experient, Inc.*, 956 F.3d 217, 224 (4th Cir. 2020) (quoting *L & L Corp. v. Ammendale Normal Inst.*, 236 A.2d 734, 736 (1968)). The Waiver Provision does not

3

suggest that Defendant can modify the Employment Agreement absent mutual assent. It simply states that any modification of the Employment Agreement "must be in writing and signed by an authorized officer" of Defendant. ECF 7-1 ¶ 8. In other words, any oral modification, any modification in practice or action, or even any written modification signed by someone other than an authorized officer would be invalid, even if Plaintiff reached mutual assent with a representative of Defendant.

The Employment Agreement in this case is thus readily distinguishable from the illusory agreements in the cases cited by Plaintiff, which expressly reserved for one party the right to amend the purportedly "agreed terms" without obtaining the other party's assent. Such "agreements" do not evidence mutuality and are therefore unenforceable. *See, e.g.*, *Cheek v. United Healthcare of the Mid-Atl., Inc.*, 835 A.2d 656, 662 (Md. 2003) (invalidating an arbitration agreement giving the defendant the right to "alter, amend, modify, or revoke" the policy "at its sole and absolute discretion at any time with or without notice"); *Coady v. Nationwide Motor Sales Corp.*, 32 F.4th 288, 290, 293 (4th Cir. 2022) (invalidating an arbitration agreement contained within an employee handbook in which the employer reserved "the right to change or abolish those policies, procedures, and benefits without notice"); *Jones v. Prosper Marketplace, Inc.*, Civ. No. GJH-21-1126, 2022 WL 834210, at *15 (D. Md. Mar. 21, 2022) (invalidating an arbitration agreement contained within another agreement where the defendant "retained for itself the 'right to change any term or provision of this [a]greement' at will"). The unilateral action component present in *Cheek*, *Coady*, and *Jones*, which rendered any consideration in those cases illusory, is lacking in the Employment Agreement here.

Second, Plaintiff asserts that the arbitration agreement is illusory because Defendant is effectively able to bring any and all claims it chooses to court. Once again, Plaintiff's argument is belied by the terms of the Employment Agreement, which expressly lists several claims employers commonly assert such as "unfair competition, trade secret violations, or unauthorized disclosures of confidential information" as claims that must be arbitrated. ECF 7-1 ¶ 14. The mere fact that there are other prospective employer-asserted claims that need not be arbitrated does not invalidate an agreement if there is some consideration for the arbitration agreement on both sides. In other words, the agreed scope of arbitrable claims need not be equal, so long as both sides agree to arbitrate at least some of their claims. *See Bailey v. Thompson Creek Window Co.*, No. 21-2345, 2023 WL4787443, at *2 (4th Cir. July 27, 2023) (per curiam) (holding that a significant carve-out of claims from an arbitration agreement did not invalidate the agreement where both sides agreed to arbitrate certain claims). "[T]he fact that an arbitration clause carves out limited exceptions for one party does not destroy mutuality, nor does it render the agreement illusory." *Best Effort First Time, LLC v. Southside Oil, LLC*, Civ. No. GLR-17-825, 2018 WL 1583465, at *7 (D. Md. Mar. 30, 2018). Thus, the limited exceptions carved out of the Employment Agreement's Arbitration Provision do not invalidate the consideration, namely Defendant's agreement to submit its unfair competition claims, trade secret claims, and other claims for damages to arbitration.[1]

---

[1] The Court is also unpersuaded that Paragraph 7 of the Employment Agreement ("Remedies Upon Breach") allows Defendant to circumvent the limitations in the Arbitration Provision and bring "any and all remedies of law upon breach" into court. ECF 7 at 8. The plain language of Paragraph 7 merely reserves the right for Defendant to seek injunctive relief in addition to legal remedies to which Defendant is already entitled. It does not dictate whether Defendant must seek legal remedies in court or in arbitration. *See* ECF 7-1 ¶ 7.

Finally, Plaintiff argues that even if a valid arbitration agreement has been formed, it should be revoked because the Employment Agreement is unconscionable. ECF 7 at 8. "Under Maryland law, an unconscionable contract is void." *Aerotek, Inc. v. Obercian*, 377 F. Supp. 3d 539, 553 (D. Md. 2019). Unconscionability is "a term that encompasses both procedural and substantive unconscionability." *Lloyd v. Niceta*, 284 A.3d 808, 821 (Md. Ct. Spec. App. 2022). Both procedural and substantive unconscionability must be present before a court will void a contract. *Id.* Neither is present here.

"Procedural unconscionability concerns the process of making a contract and includes such devices as the use of fine print and convoluted or unclear language, as well as deficiencies in the contract formation process, such as deception or a refusal to bargain over contract terms." *Rankin v. Brinton Woods of Frankford, LLC*, 211 A.3d 645, 655 (Md. Ct. Spec. App. 2019). None of those circumstances exists in this case. The Arbitration Provision in the Employment Agreement is in the same font as the rest of the contract and is prominently positioned with a bolded and underlined heading reading "**Arbitration**." While the Employment Agreement, at several places, could have been more clearly worded to avoid the present dispute, the language is far from "convoluted or unclear." *Id.* In particular, the Arbitration Provision itself clearly states that "[t]he Employee understands and agrees to have resolved by arbitration any and all disputes," and it goes on to list several examples of the types of disputes that must be arbitrated. ECF 7-1 ¶ 14. Nothing about that language suggests an attempt to confuse or deceive, or any other form of unconscionability.

Substantive unconscionability is similarly lacking. Assuming this Employment Agreement is, to some degree, a contract of adhesion from the employee's perspective, that fact alone does not render an employment agreement unconscionable. *See Walther v. Sovereign Bank*, 872 A.2d

6

735, 746 (Md. 2005). Otherwise, nearly all employment agreements would be unconscionable since employees rarely draft or significantly negotiate such agreements. Here, this Court finds nothing about this Employment Agreement in general, or the Arbitration Provision in particular, that is "unreasonably or grossly favorable to the more powerful party and includes terms that attempt to alter in an impermissible manner fundamental duties otherwise imposed by the law." *Rankin*, 211 A.3d at 656 (quoting *Stewart v. Stewart*, 76 A.3d 1221, 1232 (Md. Ct. Spec. App. 2013)) (defining substantive unconscionability). This contract is a relatively standard employment agreement in all respects.

Because the parties' arbitration agreement governs all of the religious discrimination claims Plaintiff asserts in her Complaint, dismissal is a proper remedy. *See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001). This Court will therefore dismiss Plaintiff's claims without prejudice.

IV.   **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Compel Arbitration, ECF 6, will be GRANTED, and this case will be dismissed without prejudice and closed. A separate Order follows.

Dated:  January 29, 2024                                         /s/
                                                               Stephanie A. Gallagher
                                                               United States District Judge